# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| DONNIE YINGER, | * | No. 24-758V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: January 30, 2025 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Maximillian J. Muller, Muller Brazil, Dresher, PA, for petitioner;
Rachelle P. Bishop, United States Dep't of Justice, Washington, DC, for respondent.

### DECISION DISMISSING CASE[1]

In a New York court, Mr. Yinger alleged that a physician's assistant and her employer negligently administered a tetanus vaccine to him, harming him. Yinger v. Lang, No. EF2022-440 (N.Y. Sup. Ct. Mar. 8, 2022), filed as exhibit 16. This action remained pending for all relevant times.

Mr. Yinger commenced the present action by filing a petition on May 15, 2024. He stated: "Petitioner currently has a civil action pending." Pet. at 4.

Eventually, the Secretary sought dismissal of the case due to lack of subject matter jurisdiction. Resp't's Mot., filed Jan. 6, 2025. Mr. Yinger consented to the dismissal provided that the dismissal was without prejudice. Pet'r's Resp., filed Jan. 22, 2025. Through informal communication, the Secretary has advised that he does not intend to file a reply.

\* \* \*

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Special masters may, in appropriate circumstances, grant a motion to dismiss a case. Felix v. Sec'y of Health & Hum. Servs., 172 Fed. Cl. 626 (2024). The circumstances for dismissal are appropriate here.

The Vaccine Act prohibits the filing of a petition in the Vaccine Program when a civil action is pending. 42 U.S.C. § 300aa–11(a)(5)(B). The Federal Circuit has affirmed dismissals for this reason. E.g. Aull v. Sec'y of Health & Hum. Servs., 462 F.3d 1338, 1344 (Fed. Cir. 2006). As noted, Mr. Yinger does not argue that this case can continue. See Pet'r's Resp. at 3 ("Petitioner ACCEPTS that the Court lacked jurisdiction to hear the instant petition, because it was filed when a civil action was pending").

The potentially unresolved issue is whether this dismissal prevents Mr. Yinger from filing another petition. Mr. Yinger may file another petition. If he files another petition within one year of the dismissal of the civil action, Mr. Yinger may use May 15, 2024 as the effective filing date for the second petition. 42 U.S.C. § 300aa–11(a)(2)(B); see also Resp't's Mot. at 5.

Accordingly, the Clerk's Office is directed to dismiss the present case without prejudice to Mr. Yinger filing a second petition.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master